Zimmerman, J.,
 

 dissenting. This was an action against The Higbee Company for rent in which the claimants were successful in both the Court of Common Pleas and Court of Appeals. The defense was unsuccessfully interposed that the obligation was solely that of The Higbee Realty Company, a subsidiary corporation of distinct and independent existence.
 

 It is well established by the authorities that the legal fiction of distinct corporate existence will be disregarded (1) when it is necessary to circumvent fraud or defeat injustice; (2) where a corporation is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality or adjunct of another corporation.
 

 Obviously, determination of the question is controlled by the facts of the particular case.
 
 Centmont
 
 
 *538
 

 Corp.
 
 v.
 
 Marsch
 
 (C. C. A. 1), 68 F. (2d), 460, 463. (Certiorari denied, 291 U. S., 680, 78 L. Ed., 1068, 54 S. Ct., 530.)
 

 The instant case presents no exception to the rule. A purely factual issue was before the lower courts. That issue having been decided adversely to plaintiff in error and upon a plenitude of competent evidence, there is no tenable basis for a reversal by this court.
 

 In consequence, I favor an affirmance of the judgment of the Court of Appeals. I also approve the dissenting opinion by Williams, J., where the subject is treated in greater detail.